# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 92-00010 |
| Plaintiff, | |
| vs. | |
| DENNIS SANTANDER SIMOY, | **ORDER** |
| Defendant. | |

This matter is before the court on Defendant's pro se motion seeking to vacate his conviction. *See* ECF Nos. 116, 117. As Defendant's motion is a successive motion under § 2255,[1] the court will dismiss Defendant's motion as it fails to meet the statutory requirements set forth in § 2255(h).

## I. Procedural History

This is not the first time Defendant has sought to attack his conviction. Defendant was convicted of first-degree murder on May 14, 1992 and sentenced to life imprisonment. After his conviction was affirmed, *see United States v. Simoy*, 998 F.2d 751 (9th Cir. 1993), Defendant filed his first § 2255 motion with the district court attacking his conviction for similar reasons set forth in his appeal. Docs. 88, 89. After considering the merits of Defendant's arguments, the district court denied the motion. Doc. 96.

---

[1] All statutory references herein are to Title 28 of the United States Code.

Defendant sought a certificate of appealability to appeal the denial of his § 2255 motion. Doc. 97. Reasoning that Defendant had not "made a substantial showing of the denial of a constitutional right" as required by 28 USC § 2253(c)(3) for such a certificate to be issued within the context of the denial of a § 2255 motion, the district court refused to issue the certificate of appealability. Doc. 98. The Ninth Circuit similarly declined to issue a certificate of appealability as Defendant had not made any substantial showing of the denial of a constitutional right. Doc. 98a.

Nearly two years later, on March 30, 1999, Defendant filed another motion, but this time styled the motion as a "Petition for Writ of Error Coram Nobis." Doc. 99. Given the nature of the arguments made therein, the district court construed the motion as Defendant's second § 2255 motion. The district court reasoned that before it could consider any successive § 2255 motion, Defendant had to first obtain certification from the appropriate court of appeals that his motion contained either newly discovered evidence or a new rule of constitutional law applicable to his case. Finding that Defendant's motion presented neither and that he had not sought certification, the district court denied the motion. Doc. 102.

Defendant appealed the district court's denial again. Doc. 103. On November 10, 1999, the Ninth Circuit denied Defendant's appeal as he had not made "a substantial showing of the denial of a constitutional right." Doc. 105.

## II. Analysis

Here, Defendant has filed a new motion and attached an affidavit which together attack his conviction for several reasons: the jury instructions given during his trial were deficient; the prosecutor presented false evidence, tampered with evidence, and withheld evidence from discovery; the grand jury proceedings for his case were deficient; one of the main witnesses that testified against him was patently unreliable and thus the testimony should not have been

admitted; and the prosecutor improperly attacked Defendant's character during trail. He also appears to challenge to the court's subject matter jurisdiction based on his apparent status as an immigrant to the United States.

Although not styled as such, Defendant's motion presents several collateral attacks on his conviction and sentence and thus qualifies as his third 28 USC § 2255 motion. Under § 2255(h),

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law [] made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In this case, Defendant has filed not one, but two previous § 2255 motions. Consequently, he is required to obtain certification from the appropriate court of appeals that his petition presents new evidence or a new rule of constitutional law applicable to his case. He has not sought any certification, and regardless, his motion does not present any new evidence or points to any new rule of constitutional law. As "the files and records of the case conclusively show that [Defendant's] motion does not meet the second or successive motion requirements" his motion is subject to summary dismissal without the need for a hearing. *See United States v. Villa-Gonzalez*, 208 F.3d 1160, 1165 (9th Cir. 2000). Accordingly, Defendant's motion is **HEREBY DENIED.**

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
   Chief Judge
Dated: May 17, 2021